
**FILED**

FEB 11 2014

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>DAVID ELMER MUSKRAT,<br><br>Defendant/Movant. | Cause No. CR 13-35-GF-DLC<br>CV 14-04-GF-DLC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On February 3, 2014, Defendant/Movant David Muskrat timely filed a motion under 28 U.S.C. § 2255. Muskrat is a federal prisoner proceeding pro se.

A § 2255 motion is subject to preliminary review by the Court to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing § 2255 Proceedings.

On September 26, 2013, Muskrat was sentenced to serve 210 months in prison, to be followed by a four-year term of supervised release, based on his plea of guilty to second-degree murder.

Muskrat now contends that the two crimes he was charged with, first-degree

1

and second-degree murder, are not listed in the Major Crimes Act, 18 U.S.C. § 1153, so that the Court lacked jurisdiction over his case. He also contends that the United States "failed to allege in the indictment [s] and prove beyond a reasonable doubt that the movant is an Indian under 18 USC § 1153 and that his blood line is derived from a federally recognized tribe." Mot. § 2255 (Doc. 56) at 2 (brackets in original).

## I. Claims and Analysis

### A. Waiver of § 2255 Motion in Plea Agreement

Muskrat waived his right to file a motion under 28 U.S.C. § 2255. Plea Agreement (Doc. 38) at 8 ¶ 8(a) para. 2. The waiver does not and cannot apply to claims of ineffective assistance of counsel. *See* Mot. § 2255 (Doc. 56) at 4; *see also Washington v. Lampert*, 422 F.3d 864, 869-71 (9th Cir. 2005) (relying on cases under § 2255 to hold state prisoner's waiver of federal habeas relief under § 2254 unenforceable with respect to ineffective assistance claim going to voluntariness of waiver). If, for example, this Court indeed lacked jurisdiction over the case, counsel would undoubtedly have performed unreasonably to the extent he advised Muskrat to plead guilty. Consequently, the Court will consider Muskrat's claims within the rubric of his claim of ineffective assistance of counsel.

### B. Ineffective Assistance Claims

Claims of ineffective assistance of trial counsel are governed by *Strickland*

2

*v. Washington*, 466 U.S. 668 (1984). Muskrat must show both that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### 1. Major Crimes Act

Jurisdiction in Muskrat's case was predicated on the Major Crimes Act, 18 U.S.C. § 1153(a). *See* Indictment (Doc. 1) at 2-3. The Act provides:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, . . . within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153(a). First-degree murder and second-degree murder are both murder. 18 U.S.C. § 1111 ("Murder"). Neither prong of the *Strickland* test is met. This claim is denied.

### 2. Indian Status

Muskrat contends the United States did not adequately allege his status as an Indian person and did not introduce sufficient evidence to prove it. The Indictment alleged in each count against Muskrat that he was "an Indian person." Indictment at 2. The allegation was sufficient. Neither prong of the *Strickland* test is met.

As for the proof, Muskrat is correct that, to convict him at trial, the prosecution was required to show both that Muskrat had some degree of Indian blood from a federally recognized tribe and that he was recognized in some manner by the federal government or a tribal government as an Indian. *United States v. Zepeda*, 738 F.3d 201, 210 (9th Cir. 2013); *United States v. Bruce*, 394 F.3d 1215, 1223 (9th Cir. 2005). Although Muskrat claims the United States did not prove his Indian status, it did not need to, because he admitted the element at his change of plea hearing.[1] *See also* Plea Agreement (Doc. 38) at 3 ¶ 4. The United States was not required to introduce still more evidence to support it. *See, e.g., United States v. Mendoza-Zaragoza*, 567 F.3d 431, 436 (9th Cir. 2009).

Moreover, Muskrat alleges no facts sufficient to support an inference that the United States did not actually have sufficient evidence to prove the element. The Fort Peck Assiniboine and Sioux Tribes were, in fact, federally recognized at the time of Muskrat's offense on September 1, 2012, *see* 77 Fed. Reg. 47868, 47868 (Aug. 10, 2012) (listing, as of Aug. 6, 2012, "Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation, Montana"), and Muskrat was an enrolled member of the Tribes, Offer of Proof (Doc. 39) at 3. While this evidence was held insufficient in *Zepeda*, that case presented a question of the sufficiency of the

---

[1] The Court has consulted the court reporter's rough draft of the transcripts of Muskrat's change of plea hearing. The United States will be required to order one copy for the Court's file and one copy to be sent to Muskrat.

4

evidence introduced at trial. Nothing in the opinion makes Muskrat's own Indian status questionable. Muskrat does not even allege that he is *not* an Indian person. Consequently, there is no reason to think counsel was ineffective in advising him to admit the element. Neither prong of the *Strickland* test is met. This claim is denied.

### 3. Fort Laramie Treaty of 1868

Muskrat contends that the Fort Laramie Treaty of 1868 did not cede criminal jurisdiction to the United States. To whatever extent the Treaty may provide otherwise, the Major Crimes Act, enacted in 1909, supersedes it. *United States v. Kane*, 537 F.2d 310, 311 (8th Cir. 1976) (per curiam), *cited in United States v. Jacobs*, 638 F.3d 567, 568 (8th Cir. 2011). Although Muskrat contends the Treaty required the United States to give notice and pursue extradition with the Tribes before haling him into this Court, that is not what the Treaty says. "[T]he treaty imposes *an obligation on the tribe* to 'deliver up the wrong-doer to the United States,' upon proof and notice to the tribe." *United States v. Drapeau*, 414 F.3d 869, 877 (8th Cir. 2005) (emphasis in original). Muskrat, as an individual defendant, has no standing to protest any failure by the United States to give notice to the Tribes. And, at any rate, because the argument Muskrat makes has been made but has never succeeded in any federal appellate court, *see Jacobs*, 638 F.3d at 568-69, it was not ineffective for counsel to decline or fail to make it. Neither

prong of the *Strickland* test is met. This claim is denied.

## C. Conclusion

The motion and the governing law show that Muskrat is not entitled to relief on the claims in his § 2255 motion. The motion will be denied. The United States will not be required to respond to it.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a *constitutional* right." 28 U.S.C. § 2253(c)(2) (emphasis added). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or could "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Muskrat waived his right to file a § 2255 motion except as to claims of ineffective assistance of counsel.

Muskrat's claims of ineffective assistance lack merit. Both first- and second-degree murder plainly fall within the scope of federal criminal jurisdiction under the Major Crimes Act. Muskrat does not even claim he was not an Indian, as the

6

term is defined in *Zepeda* and *Bruce*, and there was no apparent reason for counsel to suspect the United States could not prove Muskrat's Indian status. The Fort Laramie Treaty of 1868 simply does not mean what Muskrat asserts it means. Because none of these issues presented a realistic chance of success, counsel was not ineffective for failing to raise them.

There is no reason to encourage further proceedings. A COA is denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of Muskrat's change of plea hearing, held June 6, 2013, is required to decide an issue presented by Muskrat.

2. The United States shall immediately order the transcript of that hearing for the Court's file, with a copy to be delivered to David Elmer Muskrat # 12362-046, FCI Florence, Federal Correctional Institution, P.O. Box 6000, Florence, CO 81226.

3. Muskrat's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 56) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Muskrat files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-04-GF-DLC are terminated and shall close the civil file by entering

judgment in favor of the United States and against Muskrat.

DATED this 11th day of January, 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court